## Orrin v. General Motors Corporation

*Simon S. Berman,* for plaintiff.
*William V. Coleman,* for defendants.

REED, JR., J., February 7, 1973.—Plaintiff brings this action in trespass against the retailer and the manufacturer of her 1967 Corvair automobile, alleging that due to a defect in the steering mechanism, the automobile went out of control and struck an embankment, resulting in personal injury to her. Plaintiff has retrieved the steering mechanism, and sent it to the American Standards Testing Bureau, Inc., in New York City. A technical report on it has been prepared there by a V. Morfopoulos, Eng. Sc. D.

Defendant, General Motors, has served a rule on plaintiff to show cause why oral depositions of Dr. Morfopoulos should not be taken in New York City, under Pennsylvania Rule of Civil Procedure 4003. It is admitted that plaintiff has offered the technical report

prepared by Dr. Morfopoulos to defendant General Motors; and, in addition, she has also delivered the mechanism to General Motors for its own independent study and evaluation.

Plaintiff now resists the taking of out-of-State oral depositions of her expert on the ground that they are not necessary nor reasonable; defendant argues merely that the taking of the requested deposition is a matter of right. This is not so: "If the witness is more than one hundred (100) miles from the courthouse, either within or without the Commonwealth, there is *no absolute right* to use oral examination": Goodrich-Amram Civil Practice, sec. 4003(a)-2, page 24. (Italics supplied.)

Oral depositions need not be permitted where they would cause "unreasonable annoyance, embarrassment, expense or oppression" (Pa. R. C. P. 4011(b)), nor where they "would disclose the existence or location of reports, memoranda, statements, information or other things made or secured . . . in anticipation of litigation . . .": Pa. R. C. P. 4011(d).

The steering mechanism has been made available to defendant and defendant has available plaintiff's offer to exchange technical reports. There exists, therefore, little, if any, area for pretrial discovery as respects Dr. Morfopoulos, for his connection to this litigation is confined to expert testing and opinion respecting the steering mechanism only. Defendant's request for a pretrial oral examination constitutes an invasion of the areas of discovery prohibited under Pa. R. C. P. 4011(b) and (d) and should be denied.

And now, to wit, February 7, 1973, defendant's rule to show cause is denied. Defendant is, however, granted leave to file written interrogatories of plaintiff's expert witness, Dr. V. Morfopoulos.